STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GEORGE NICK LAMMI,
*Defendant-Appellant.*

Columbia County Circuit Court
111119; A154933

380 P3d 1257

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Susan Yorke, Assistant Attorney General, for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Chief Judge, and Lagesen, Judge.

**LAGESEN, J.**

The state petitions for reconsideration of our decision in *State v. Lammi*, 278 Or App 690, 375 P3d 547 (2016). For the reasons below, we grant reconsideration and, with the following clarification, adhere to our original opinion and disposition.

Defendant in this case was convicted of multiple sex offenses against his daughter. *Id.* at 691. During trial, defendant subpoenaed the victim's counseling records and requested that the trial court conduct an *in camera* review of those records for exculpatory evidence relevant to the charges against him. *Id.* at 692. The trial court denied that request based on its conclusion that defendant had not made a sufficient threshold showing that the records contained relevant evidence subject to disclosure. *Id.* On appeal, we concluded that the trial court erred when it determined that defendant's threshold showing was inadequate to allow for an *in camera* review of the victim's counseling records, because defendant had demonstrated that there was a reasonable basis to think that those records contained exculpatory statements by the victim about the charges against defendant. *Id.* at 695-96. We further concluded that defendant was "entitled" to an *in camera* review based on his threshold showing. *Id.* Based on those conclusions, we vacated and remanded for the court to conduct that *in camera* review, as well as any additional proceedings made necessary by the results of the *in camera* review. *Id.* at 696.

In its petition for reconsideration, the state does not challenge our conclusion that defendant's threshold showing was sufficient to allow for the requested *in camera* inspection. Rather, the state asks us to clarify what happens after a party has made a sufficient threshold showing for *in camera* review. Noting that in *Frease v. Glazer*, 330 Or 364, 372, 4 P3d 56 (2000), our Supreme Court deemed *United States v. Zolin*, 491 US 554, 109 S Ct 2619, 105 L Ed 2d 469 (1989), to provide "an appropriate framework for determining whether a trial court may order *in camera* review of allegedly privileged materials," the state argues that under that framework "once the threshold showing has been made, trial courts then have discretion to determine whether to conduct

*in camera* review," based on the types of factors identified in *Zolin*. Those factors include, among others, the facts and circumstances of the particular case, the volume of materials at issue, the relative importance of information sought, and whether such information might be available from non-privileged sources. *Zolin*, 491 US at 572.

In other words, as the state succinctly puts it, under the *Zolin* framework, "making the threshold showing is a prerequisite for *in camera* review of privileged material but does not compel such review." In view of that framework, the state requests that we modify our opinion in two ways: (1) to clarify that a defendant who makes the necessary threshold showing is not "automatically" entitled to an *in camera* review, so that the trial court retains the discretion to decide whether or not to conduct that review; and (2) to modify our direction to the trial court on remand in this case to allow that court to make a discretionary decision about whether to conduct the requested *in camera* review.

We agree with the state on the first point, and modify our opinion to make the requested clarification. That is, under the *Zolin* framework adopted by the Supreme Court in *Frease*, once a party has made a threshold showing sufficient to permit an *in camera* review, whether to conduct that review is a separate discretionary decision for the trial court to make, in view of the types of factors identified in *Zolin*. To the extent that our opinion can be read to suggest that a party who makes the necessary threshold showing for *in camera* review is automatically entitled to have that review conducted in all instances, we clarify that that is not our holding.[1]

As to the state's second point, we decline to modify our opinion to allow for the trial court to make a discretionary

---

[1] In our opinion, we indicated that we understood the state to argue that under the *Zolin* framework, we review a trial court's determination of the sufficiency of a threshold showing for abuse of discretion. *Lammi*, 278 Or App at 694 n 2. We rejected that argument, concluding that, under *Frease*, the sufficiency of a threshold showing is a question of law. *Id.* In its petition for reconsideration, the state does not take issue with that part of our opinion, clarifying that its position is that, once a threshold showing is made, the decision whether to conduct an *in camera* review is discretionary under *Frease*, and that that discretionary decision, if made, would be subject to review for abuse of discretion.

decision whether to conduct the requested *in camera* review in this case. In this case, we are persuaded that it would be an abuse of discretion for the trial court to decline to conduct the requested *in camera* review. The charges against defendant were grave. As we explained in our opinion, the victim had made equivocal statements as to whether the abuse had in fact occurred during the same time period in which she began counseling, making it reasonable to believe that the records that defendant requested the court to inspect might contain similar exculpatory statements by the victim. Evidence of such statements could be critical to the defense, and not readily available from other sources. There is no indication that the pertinent records were particularly voluminous; the trial court indicated that the counseling center had been able to produce the records promptly in response to defendant's subpoena, and that it had them in its office. There also is no indication that the requested review would be disproportionately onerous for the trial court, given the stakes of this case for all concerned. Under these particular circumstances, we conclude that defendant is entitled to the requested *in camera* review, and that the trial court could not permissibly conclude otherwise.

Reconsideration allowed; former opinion clarified and adhered to as clarified.